UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin (Kelly) Grant Gearhart

   v.                                      Civil No. 18-cv-104-PB

Helen E. Hanks, Commissioner of
New Hampshire Department of Corrections


**REPORT AND RECOMMENDATION**

    Petitioner, Kelly Gearhart,[1] has petitioned this court for a writ of habeas corpus (Doc. No. 1), challenging Gearhart's civil commitment to the New Hampshire State Prison ("NHSP") Secure Psychiatric Unit ("SPU"), pursuant to a judgment of not guilty by reason of insanity to criminal charges, after her December 2016 plea to that effect was accepted.[2]  See State v. Gearhart, Nos. 216-2016-cr-1040, 216-2016-cr-1051 (N.H. Super. Ct., Hillsborough Cty. N., Dec. 21, 2016).  Before the court are Gearhart's motion (Doc. No. 5), regarding the statute of limitations, and respondent's motion to dismiss (Doc. No. 8).

    A state court order, filed as an exhibit to respondent's motion to dismiss, states that Gearhart was allowed to withdraw her plea of not guilty by reason of insanity on March 21, 2018;

---

    [1]Petitioner is a transgender woman, and prefers the name "Kelly" to her given name.

    [2]See N.H. Rev. Stat. Ann. §§ 651:8-b; 651:9-a; 651:11-a.

that the trial court vacated her plea on that date; and that Gearhart was allowed to enter a new plea of guilty. See Gearhart v. State, No. 217-2018-cv-00098 (N.H. Super. Ct., Merrimack Cty., Mar. 28, 2018) (Doc. No. 8-3, at 2). The state court order also states that Gearhart has been released from SPU and from the NHSP. See id.; see also Notice of Change of Address (Doc. No. 6).

Gearhart's release and the order vacating her plea of not guilty by reason of insanity moot this petition challenging her confinement in SPU pursuant to that plea. The district judge should thus grant respondent's motion to dismiss (Doc. No. 8). Gearhart's petition (Doc. No. 1) and motion regarding the statute of limitations (Doc. No. 5) should be denied as moot.

The district judge should decline to issue a certificate of appealability, as Gearhart has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Habeas Corpus Cases Under Section 2254; First Cir. LR 22.0; see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## Conclusion

For the foregoing reasons, the district judge should grant respondent's motion to dismiss (Doc. No. 8) and deny as moot

both Gearhart's petition (Doc. No. 1) and her motion (Doc. No. 5) as to the statute of limitations.  The district judge should decline to issue a certificate of appealability.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 27, 2018

cc:   Kelly Gearhart, pro se
      Elizabeth C. Woodcock, Esq.